UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWAYNE RICHARDSON,<br><br>       Plaintiff,<br><br>      -against-<br><br>CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF CORRECTION; DEPT CARTER; CAPTAIN LAW; OFFICER SANCHEZ; OFFICER GOZMAN; CAPT PERRY; NYC HEALTH + HOSPITALS; DEPT HARVEY,<br><br>       Defendants. | 21 Civ. 5080 (PAE)<br><br>ORDER OF SERVICE |

PAUL A. ENGELMAYER, United States District Judge:

  Plaintiff Dewayne Richardson ("Richardson"), presently held in the Anna M. Kross Center on Rikers Island, brings this *pro se* action asserting claims of violations of his federal constitutional rights and state law, and seeking damages and injunctive relief. He sues: (1) the City of New York; (2) the New York City Department of Correction ("DOC"); (3) George R. Vierno Center ("GRVC") Deputy Warden Carter; (4) GRVC Correction Captain Law; (5) GRVC Correction Officer Gozman; (6) Vernon C. Bain Center ("VCBC") Correction Officer Sanchez; (7) GRVC Correction Captain Perry; (8) NYC Health + Hospitals ("H+H"); and (9) VCBC Deputy Warden Harvey. The Court construes Richardson's complaint as asserting claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, and state law.

By order dated July 12, 2021, the Court granted Richardson's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]  For the reasons that follow, the Court dismisses Richardson's claims against the DOC.  The Court also denies without prejudice Richardson's application for the Court to request *pro bono* counsel.  The Court further directs service on H+H, and requests that the other remaining defendants waive service of summons.  The Court additionally directs that H+H and the other remaining defendants comply with Local Civil Rule 33.2.

**I.      Applicable Legal Standards**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

By order dated July 12, 2021, the Court granted Richardson's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]  For the reasons that follow, the Court dismisses Richardson's claims against the DOC.  The Court also denies without prejudice Richardson's application for the Court to request *pro bono* counsel.  The Court further directs service on H+H, and requests that the other remaining defendants waive service of summons.  The Court additionally directs that H+H and the other remaining defendants comply with Local Civil Rule 33.2.

**I.      Applicable Legal Standards**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

## II. Discussion

### A. DOC

The Court must dismiss Richardson's claims against the DOC because an agency of the City of New York, such as the DOC, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). It is well-established that "where a plaintiff has named the Department of Correction[] as a defendant, he has sued a non-suable entity." *Adams v. Galletta*, 966 F. Supp. 210, 212 (S.D.N.Y. 1997). The Court therefore dismisses Richardson's claims against the DOC. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Application for the Court to Request *Pro Bono* Counsel

Richardson has filed an application for the Court requesting *pro bono* counsel. Dkt. 4. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Richardson's application for the Court to request *pro bono* counsel without prejudice to Richardson's filing another such application at a later date.

### C. Service on H+H

Because Richardson has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Richardson is proceeding IFP and could not have served a summons and the complaint on H+H until the Court reviewed the complaint and ordered that a summons be issued for H+H. The Court therefore extends the time to serve H+H with the complaint until 90 days after the date that a summons is issued for H+H. If the complaint is not served on H+H within that time, Richardson should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Richardson to effect service of the complaint on H+H through the U.S. Marshals Service, the Clerk of Court is respectfully directed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for H+H. The Clerk of Court is further instructed to issue a summons for H+H and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summons and the complaint on H+H.

Richardson must notify the Court in writing if his address changes, and the Court may dismiss the action if Richardson fails to do so.

### D. The Remaining Defendants

The Clerk of Court is respectfully directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that (1) the City of New York, (2) GRVC Deputy Warden Carter, (3) GRVC Correction Captain Law, (4) GRVC Correction Officer Gozman, (5) VCBC Correction Officer Sanchez (Shield No. 13640), (6) GRVC Correction Captain Perry (Shield No. 480), and (7) VCBC Deputy Warden Harvey waive service of summons.

### E. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of the date of this order, H+H and the other remaining defendants must serve responses to those standard discovery requests. In their responses, H+H and the other remaining defendants must quote each request verbatim.[2]

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Richardson, together with an information package.

The Court dismisses Richardson's claims against the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] If plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, he may request them from the Court's Pro Se Intake Unit.

The Court denies Richardson's application for the Court to request *pro bono* counsel without prejudice to Richardson's filing another such application at a later date. The Clerk of Court is respectfully directed to terminate the motion pending at docket 4.

The Court also directs the Clerk of Court to: (1) issue a summons for NYC Health + Hospitals, (2) complete a USM-285 form with the service address for NYC Health + Hospitals, and (3) deliver all documents necessary to effect service of the summons and the complaint on NYC Health + Hospitals to the U.S. Marshals Service.

The Court further directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that: (1) the City of New York, (2) GRVC Deputy Warden Carter, (3) GRVC Correction Captain Law, (4) GRVC Correction Officer Gozman, (5) VCBC Correction Officer Sanchez (Shield No. 13640), (6) GRVC Correction Captain Perry (Shield No. 480), and (7) VCBC Deputy Warden Harvey waive service of summons.

The Court additionally directs H+H and the other remaining defendants to comply with Local Civil Rule 33.2 within 120 days of the date of this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 16, 2021
      New York, New York

**DEFENDANT AND SERVICE ADDRESS**

NYC Health + Hospitals
125 Worth Street
New York, New York 10013