```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
RICHARDSON,

                             Plaintiff,                    **21-CV-5080 (PAE) (KHP)**

         -against-

                                                      **ORDER**

CITY OF NEW YORK et al,

                            Defendants.
------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      The Parties jointly move this Court for an adjournment of the initial case management conference, currently scheduled on June 14, 2022 at 11:00 a.m., *sine die*, pending the Court's ruling on Defendants' Motion to Dismiss the Complaint. Because an adjournment of the initial case management conference would effectively stay discovery, the Court considers this request as a motion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion to stay discovery is GRANTED.

## BACKGROUND

      On June 8, 2021, Plaintiff filed a Complaint against the City of New York; New York City Department of Correction; New York City Health and Hospitals; and five individuals (collectively, "Defendants"). (ECF No. 2.) Plaintiff alleges Defendants violated his First, Fourth, Eighth, and Fourteenth amendment rights while Plaintiff was a pre-trial detainee at Riker's Island. Specifically, Plaintiff alleges, inter alia, that Defendants sprayed him with a chemical agent and placed him in solitary confinement despite the risk that these actions would exacerbate Plaintiff's asthma and that they constituted excessive force; that Defendants failed to consider Plaintiff's risk of allergic reaction when administering the COVID-19 vaccine and subsequently

failed to timely administer his second dose of the vaccine; and that Defendants refused to allow Plaintiff to shower during the month of Ramadan.  (*Id.*)

On April 14, 2022, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 36.)  Defendants assert numerous arguments in support of the motion, including that Plaintiff's claims are barred by the Prison Litigation Reform Act; that Plaintiff cannot show that any behavior taken by Defendants amounts to a constitutional violation; and that certain Defendants are entitled to qualified immunity.  (ECF No. 38.)  Plaintiff's response to the Motion to Dismiss is due on June 10, 2022 and Defendant's reply is due on June 24, 2022.  (*See* ECF No. 43.)

## **LEGAL STANDARD**

Under Rule 26(c), a court has discretion to stay discovery "for good cause shown."  Fed. R. Civ. P. 26(c).  In determining whether the moving party has shown good cause for a stay, the court considers multiple factors, including: "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay."  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

## **ANALYSIS**

The various factors weigh in favor of a stay here.

1. **Breadth and Burden of the Requested Discovery**

The breadth and burden of discovery are "[t]wo related factors" the Court should consider.  *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996).  Here, the parties have not yet exchanged discovery requests and it is not yet clear exactly how

broad discovery will be.  However, the Complaint implicates numerous incidents and concerns Plaintiff's medical health.  Because the allegations are broad, discovery is also likely to be broad, and medical expert discovery will likely be needed.  Moreover, the Complaint implicates numerous defendants, including several individuals in their personal capacities.  These individuals will likely find it burdensome to respond to discovery requests.  Accordingly, while not dispositive, these factors weigh in favor of a stay.

    **2.  Prejudice to the Party Opposing the Stay**

Here, there is no prejudice that would result to the party opposing the stay because no party opposes a stay.  *Republic of Turkey*, 316 F. Supp. 3d at 677.  Rather, Plaintiff and all Defendants join in the motion for a stay.  (*See* ECF No. 44.)  This factor therefore weighs in favor of granting a stay.

    **3.  Strength of the Pending Motion**

If the underlying motion is "not unfounded in the law," this weighs in favor of a stay. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). This Court does not, by this ruling, predict the outcome of the motion because the motion is not yet fully briefed.  However, Defendants' memorandum of law in support of the motion provides substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit.  Most of Defendants' arguments are supported by case law from this Circuit, and it therefore cannot be said that Defendants' motion is "unfounded in the law."  *Id.*  Because the Motion to Dismiss may be dispositive of some or all of the case, this factor weighs in favor of granting a stay.

**CONCLUSION**

For the above reasons, the requested stay of discovery pending disposition of the Motion to Dismiss (ECF No. 44) is GRANTED.  The parties may not issue any discovery requests or subpoenas during the pendency of the motion to dismiss the Complaint.  Within twenty-one days of Judge Engelmayer's decision on the motion to dismiss, if any claims remain, Plaintiff must file a letter addressed to the undersigned requesting a new date for the case management conference.

**SO ORDERED.**

Dated:   June 6, 2022
         New York, NY

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge