UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEWAYNE RICHARDSON,

                    Plaintiff,

         -v-

CITY OF NEW YORK, *et al.*,

                  Defendants.

21 Civ. 5080 (PAE) (KHP)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

On June 8, 2021, plaintiff Dewayne Richardson initiated this action as a *pro se* litigant seeking damages and injunctive relief under 42 U.S.C. § 1983 against the City of New York, the New York City Health and Hospitals ("NYCHH"), and six individual defendants—Deputy Carter, Captain Law, Officer Gozman, Officer Sanchez, Captain Perry, and Deputy of Security Harvey—for violating his constitutional rights while he was housed as a pre-trial detainee at the Vernon C. Bain Center ("VCBC") and George R. Vierno Center ("GRVC") at Rikers Island. *See* Dkt. 2 ("Compl."). Richardson alleges that he was subjected to inadequate conditions and medical treatment during his confinement, and that Officer Sanchez used excessive force in spraying him with a chemical agent after an altercation. *Id.*

On July 16, 2021, this Court referred the case to the Honorable Katharine H. Parker, United States Magistrate Judge, for general pretrial management. Dkt. 8. On December 20, 2021, Richardson's counsel filed a notice of appearance. Dkt. 25. On April 14, 2022, after several extensions, *see* Dkts. 19, 22, 27, 31, 34, defendants moved to dismiss Richardson's Complaint in its entirety, Dkt. 36, and filed an accompanying memorandum of law, Dkt. 38 ("Motion"), and declarations, Dkts. 37, 39. On June 12, 2022, Richardson, by now represented

by counsel, opposed the motion.  Dkt. 46 ("Opp.").  On July 8, 2022, defendants replied, Dkt. 49,

and filed an accompanying declaration, Dkt. 50.  The same day, the Court issued an amended

referral of the motion to Judge Parker.  Dkt. 51.

On November 14, 2022, Judge Parker issued a Report and Recommendation,

recommending that defendants' motion be granted without prejudice.  Dkt. 52 (the "Report").

On November 22, 2022, the parties jointly requested an extension of the deadline to object to the

Report, Dkt. 53, which the Court granted the same day, Dkt. 54.  On December 14, 2022,

defendants objected to the Report.  Dkt. 55 ("Obj.").

For the following reasons, the Court adopts the Report insofar as it recommends

dismissal of all of Richardson's claims.  However, the Court grants that dismissal with prejudice.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has

been made, a district court need only satisfy itself that there is no clear error on the face of the

record."  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y.

Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4

(S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169

(S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation simply reiterates its original

arguments, a district court will review the Report strictly for clear error.  *See Dickerson v.*

*Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013);

*Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3

(S.D.N.Y. Feb. 7, 2012).  This is so even in the case of a *pro se* plaintiff.  *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

The Court adopts the Report's detailed account of the facts and procedural history, to which no party objects.

The Court also adopts the Report's unobjected-to conclusions that (1) Richardson failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), *see* Report at 9–14; (2) even if Richardson had exhausted his administrative remedies, his claims against the individual defendants should be dismissed for lack of personal involvement, *id.* at 14–16; (3) Richardson's allegations fall far short of alleging a policy, custom, or practice so as to allege municipal liability as to defendant NYCHH, *id.* at 16–17; and (4) Officer Sanchez did not use excessive force on Richardson in spraying him with a chemical agent after Richardson "admittedly was 'flipping tables' in the day room," *id.* at 17–22. The Court has reviewed these conclusions for clear error, and, upon careful review of Judge Parker's well-reasoned analysis, found no error in any.[1]

Defendants' sole objection is to the Report's recommendation that the Court dismiss Richardson's Complaint without prejudice.  *See* Obj.; Report at 22.  Defendants argue that the

---

[1] The Report's statement that "[a] municipality cannot be held liable for constitutional violations if such violations resulted from a municipal policy, custom, or practice," Report at 16, contains what the Court finds to be a typographical error: it plainly was meant to read, "[a] municipality *can* be held liable." This reading is reinforced by the Report's citation to the portions of *City of Monell v. Department of Social Services* that provide that constitutional deprivations are actionable if made pursuant to a local government's custom, even if never formally approved through an official decision-making channel. *See id.* (citing 436 U.S. 658, 691, 693 (1978)).  It is also reinforced by the balance of the Report's analysis, which applies the correct standard. *See id.* at 16–17.  In any event, in the Court's independent assessment, Richardson has not alleged specific facts regarding NYCHH to state a claim under *Monell*. *See* Compl.; Report at 16 n.4.

Complaint should be dismissed with prejudice because it is irreparably procedurally defective, Obj. at 2–4, such that an amendment would be futile, *id.* at 6–7.[2]  The Court reviews this issue *de novo*.

Defendants explain that, because Richardson has now been released from prison, he is no longer eligible to file a grievance through the Department of Corrections' administrative process. Therefore, they argue, Richardson is incapable of satisfying the PLRA exhaustion requirements, and cannot cure the procedural flaw (non-exhaustion) that required dismissal of his Complaint. *See id.* at 3–4; *see also* Report at 9–14.  This argument turns on whether Richardson's inability to exhaust presents a "temporary, curable procedural flaw," as opposed to, as defendants depict it, a permanent obstacle. *Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir. 1999).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a *prisoner* confined in any jail, prisoner, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).  But, the Second Circuit has held, litigants "who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision." *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999); *see also Gashi v. County of Westchester*, No. 02 Civ. 6934 (GBD), 2005 WL 195517, at *4–6 (S.D.N.Y. Jan. 27, 2005) ("Since Plaintiff was

---

[2] Defendants also state that, for unexplained independent reasons, Richardson's excessive force claim should be dismissed with prejudice. *See* Obj. at 4–5.  But this objection is not "specific and clearly aimed at particular findings in the magistrate judge's report" as to justify *de novo* review, or to justify altering the Report's recommended outcome. *See Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017).  If anything, defendants merely recite the Report's determinations with approval. Obj. at 4–5 (citing Report). In any event, the issue is moot, given that a with-prejudice dismissal is warranted for the separate reasons addressed herein.

not a 'prisoner' for purposes of § 1997e(a) when he filed the complaint in the instant action,
under *Grieg* the exhaustion requirement of § 1997e(a) does not apply; the fact that the events
complained of apparently occurred while Plaintiff *was* a 'prisoner' is irrelevant." (emphasis in
original)).

The analysis, however, is different where the plaintiff initiated suit while still in custody,
was bound by the exhaustion requirement, and yet failed to exhaust his remedies as mandated by
the PLRA. Where the plaintiff had ample opportunity to exhaust those remedies prior to being
released but failed to do so, dismissal with prejudice is proper notwithstanding the plaintiff's
later release. *See Greene v. Desousa*, No. 14 Civ. 6290 (SJF) (AYS), 2016 WL 3460376, at *3
(E.D.N.Y. June 21, 2016) (dismissal with prejudice appropriate where plaintiff was "no longer in
custody at the [correctional facility] and she can no longer exhaust administrative
remedies"); *see, e.g., Prescott v. Annetts*, No. 09 Civ. 4435 (CM), 2010 WL 3020023, at *3
(S.D.N.Y. July 22, 2010) (where plaintiff filed amended complaint after release, PLRA still
applied and barred this complaint, because "the Second Circuit has held that where a plaintiff is
released from custody during the pendency of the action, if the plaintiff had 'ample opportunity'
to exhaust administrative remedies before being released but failed to do so, the plaintiff's claims
should be dismissed for failure to exhaust"); *Richardson v. Darden,* No. 07 Civ. 6594 (BSJ),
2009 WL 414045, at *2 (S.D.N.Y. Feb.17, 2009) (dismissing with prejudice where "[p]laintiff
had ample opportunity to complete the full grievance process established by DOCS while in
custody"); *Grafton v. Hesse*, No. 15 Civ. 4790 (SJF) (GRB), 2017 WL 9487092, at *9 (E.D.N.Y.
Aug. 25, 2017) (dismissing with prejudice where plaintiff was no longer in custody and had
failed to exhaust prior to release or transfer), *report and recommendation adopted sub
nom. Grafton v. Assistant Deputy Undersheriff Hesse*, No. 15 Civ. 4790 (SJF) (GRB), 2017 WL

4286266 (E.D.N.Y. Sept. 27, 2017), *aff'd sub nom. Grafton v. Hesse*, 783 F. App'x 29 (2d Cir. 2019); *Rose v. City of New York*, No. 21 Civ. 3164 (AT) (OTW), 2022 WL 4468416, at *4 (S.D.N.Y. Sept. 6, 2022), *report and recommendation adopted sub nom. Rose v. City of N.Y. Dep't of Corr.*, 2022 WL 4468547 (S.D.N.Y. Sept. 26, 2022) (dismissing with prejudice where plaintiff was incarcerated when suit was filed and failed to exhausted administrative remedies, and then was released from custody during suit); *see also Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) ("[T]he broader dictum that dismissal for failure to exhaust 'should' be without prejudice would extend too far if applied to cases where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.").

That line of authority is dispositive here. As detailed at length in the Report, Richardson, while in prison, had—and availed himself of—ample opportunity to exhaust his administrative remedies. *See* Report at 11–12 (Richardson made 311 calls, filed three grievances, and filed an appeal; individuals within the prison responded to his complaints; he received explanations). Instead of completing the administrative process, Richardson chose to file this action. *Id.* at 11 (Richardson filed Complaint in the instant case 19 days after his first grievance, 11 days after second grievance, and 10 days after third grievance); *id.* at 12 (Richardson concedes he did not exhaust remedies). That he has since been released from prison does not excuse him from the obligation to have exhausted remedies.

The Court accordingly dismisses with prejudice. The Court also declines leave to amend. Ordinarily, "[w]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Greene*, 2016 WL 3460376, at *3. But a court

should not grant leave to replead where such effort would be futile due to the *pro se* plaintiff's uncurable failure to exhaust his administrative remedies. *See, e.g.*, *Grafton*, at *10; *Greene*, 2016 WL 3460376, at *3; *Daniels v. NYC/DOC/VCBC Warden Carter*, No. 21 Civ. 8985 (AT) (SLC), 2022 WL 17979915, at *10 (S.D.N.Y. Nov. 22, 2022), *report and recommendation adopted sub nom. Daniels v. Carter*, No. 21 Civ. 8985 (AT) (SLC), 2022 WL 17978908 (S.D.N.Y. Dec. 28, 2022) (dismissing with prejudice and denying leave to amend where pre-trial detainee's time to file grievance and exhaust administrative remedies had expired).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Parker's Report and Recommendation insofar as it recommends dismissal, but not insofar as it recommends dismissing without prejudice. The Court grants defendants' motion to dismiss with prejudice.

The Court respectfully directs the Clerk of the Court to terminate all pending motions and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 6, 2023
       New York, New York

7